Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -x
KEVIN PITCHER,

        Plaintiff,  No.: 08 Civ 3075

   -against-

MERCK & CO., INC.,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**INTRODUCTION**

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability actions involving Vioxx® (the "Vioxx product liability actions"). *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

Merck has provided notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action. Merck expects a conditional transfer order to be issued within the next month.

## BACKGROUND

### A.   MDL-1657

On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1657, *In re Vioxx Products Liability Litigation*. The transfer order directed that the 148 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana before the Honorable Eldon E. Fallon. *In Re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1352.[1] In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the cases in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All cases focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at 1353 n. 1.

---

1.  In a December 6, 2005 order, the Panel changed the caption of MDL-1657 to *In re Vioxx, Marketing, Sales Practices and Products Liability Litigation* in order to "more accurately reflect the scope of this litigation."

2

There is currently a process in place for effecting the transfer to Judge Fallon's court of related Vioxx product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters. Since the first Transfer Order was issued on February 16, 2005, more than 8,800 cases have been transferred to or filed directly in the MDL proceedings.

B.     **The Present Action**

On or about August 11, 2006, Plaintiff Kevin Pitcher ("Plaintiff") commenced this civil action against Merck by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, bearing Index Number 111311/06. Merck was served with a copy of Plaintiff's Complaint on August 23, 2006. The case was not diverse when filed. After the non-diverse parties were dismissed on March 6, 2008, a Notice of Removal, based on diversity jurisdiction under 28 U.S.C. § 1332, was filed in this case on March 26, 2008.

There is no dispute that this action involves the same factual inquiries that the Panel noted were present in the Vioxx product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other Vioxx product liability actions, focuses on the alleged increased health risks when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these alleged increased risks and failed to disclose them to the medical community and consumers. Indeed, Plaintiff alleges that he suffered "severe injuries ranging from heart attacks to strokes" due to ingestion of the prescription medicine Vioxx. (Compl. ¶ 18.)

3

Pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."), on April 1, 2008, Merck provided notice to the MDL Panel of the pendency of this "tag-along" action. (Attached to the April 3, 2008 Declaration of Vilia B. Hayes ("Hayes Decl.") as Exhibit A.) Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next month. Once the conditional transfer order is issued, Plaintiff has fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[2] Assuming that Plaintiff does not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04

---

2. In the event Plaintiff chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile. In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in at least eighteen separate Transfer Orders since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders. *See* June 20, 2005 Transfer Order; August 11, 2005 Transfer Order; September 13, 2005 Transfer Order; October 21, 2005 Transfer Order; December 2, 2005 Transfer Order; February 14, 2006 Transfer Order; April 11, 2006 Transfer Order; April 13, 2006 Transfer Order; June 14, 2006 Transfer Order; August 10, 2006 Transfer Order; October 18, 2006 Transfer Order; December 18, 2006 Transfer Order; February 8, 2007 Transfer Order; April 18, 2007 Transfer Order; June 14, 2007 Transfer Order; August 3, 2007 Transfer Order; October 17, 2007 Transfer Order, February 11, 2008 Transfer Order (Attached collectively to Hayes Decl. as Exhibit B).

60255843_1

Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established.") (Hayes Decl. Ex. C.) Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05-0534, 2005 U.S. Dist. LEXIS 35783, at *4 (W.D. Mo. Sept. 13, 2005); *Mathis v. Bristol-Myers Squibb*, No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. Mar. 12, 2003).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., North v. Merck & Co., Inc.*, No. 05-CV-6475(DGL)(JWF), 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("Entering a stay will ... conserve judicial resources, one of the fundamental goals of multidistrict litigation practice."); *Beal v. Merck & Co., Inc.*, No. 05 Civ. 1344, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (granting Merck's stay holding that "having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *see also Aguilar v. Merck & Co., Inc.*, No. 05-CV-4865 (SJ), slip op. (E.D.N.Y. Nov. 22, 2005) (Hayes Decl. Ex. D); *In the Matter of Civil Actions Against Merck & Co., Inc.*, No. 6:05-cv-06621-DGL, 2006 U.S. Dist. LEXIS 86347 (W.D.N.Y. Mar. 1, 2006); *Campbell v. Merck & Co., Inc.*, No. 05-CV-6740L, slip. op. (W.D.N.Y. Mar 1, 2006) and related cases (Hayes Decl. Ex. E); *Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same).

I.  **JUDICIAL ECONOMY MANDATES A STAY.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases … the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Krieger v. Merck & Co., Inc.*, 05-CV-06338(DGL)(JWF), 2005 U.S. Dist. LEXIS 27633, *6-7 (W.D.N.Y. Nov. 4, 2005); *Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002).

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Rivers,* 980 F. Supp. at 1360 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

### II.  MERCK WILL BE PREJUDICED ABSENT A STAY.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are currently thousands of Vioxx actions being coordinated in MDL-1657. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and the time they were transferred to Judge Fallon, this would be prejudicial to Merck. Judge Fallon has established detailed protocols to manage the litigation through the dispositive motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also North*, 2005 WL 2921638, at *2 ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery... outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1  ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

The potential prejudice to Plaintiff if the action is stayed is non-existent. Plaintiff has expended limited resources to date. Whatever limited discovery could take place in the next several weeks would be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiff will not suffer prejudice as a result of a stay.

60255843_1

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending a decision on transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED:   New York, New York
         April 3, 2008

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ Vilia B. Hayes
Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk

One Battery Park Plaza
New York, New York  10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

60255843_1

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2008, I caused a copy of the foregoing NOTICE OF MOTION OF DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, DECLARATION OF VILIA B. HAYES and MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION to be served via first-class mail, postage prepaid, on the following:

Ronald R. Benjamin, Esq.
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902

The above addresses have appeared on the prior papers in this action as the office address of the attorneys for Plaintiff.

Deponent is over the age of 18 years and not a party to this action.

I further certify under penalty of perjury that under the laws of the United States of America the foregoing is true and correct.

Executed on April 4, 2008

*Vilia B. Hayes* (signature)
Vilia B. Hayes