```
           CCPCVMN        SUPREME COURT - STATE OF NEW YORK      DATE: 04/16/2008
INDEX NO: 111311 2006           NEW YORK COUNTY CLERK            TIME: 11:13:44
PURCHASE: 08112006        CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: PITCHER KEVIN        DEFENDANT NAME: PFIZER INC
      ATTORNEY: RONALD R. BENJAMIN         ATTORNEY: UNKNOWN
                126 RIVERSIDE DRIVE
                BINGHAMTON, NEW YOR
                1-607 772-1442
SEQ   DATE                 MINUTES
0001 08112006              SUMMONS AND COMPLAINT


0001 09252006              ANSWER


0001 11142006              INTERROGATORIES


0001 03062008              DISMISSAL STIPULATION WITH PREJUDICE
                           AGAINST PFIZER DEFENDANTS


                                    NEXT INDEX NUMBER:          /
  F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

```
            CCPCVMN         SUPREME COURT   STATE OF NEW YORK    DATE: 04/16/2008
   INDEX NO: 111311 2006           NEW YORK COUNTY CLERK         TIME: 11:13:44
   PURCHASE: 08112006        CIVIL INDEX MINUTE BOOK INQUIRY
```

```
PLAINTIFF NAME: PITCHER KEVIN          DEFENDANT NAME: PFIZER INC
      ATTORNEY: RONALD R. BENJAMIN           ATTORNEY: UNKNOWN
                126 RIVERSIDE DRIVE
                BINGHAMTON, NEW YOR
                1-607 772-1442
SEQ  DATE                       MINUTES
0001 04092008               ORDER IAS PART 54 SEQ 001 WITHDRAWN
```

```
                                     NEXT INDEX NUMBER:            /
   F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

| INDEX NUMBER |
| --- |
| |
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

CHECK ONE

Kevin Pitcher,

                    Plaintiff,

    -vs-

Pfizer, Inc., Pharmacia Corporation, a
wholly-owned subsidiary of Pfizer, Inc.,
Pharmacia & Upjohn Company, a wholly-owned
subsidiary of Pharmacia Corporation, and
Merck & Co., Inc,

                    Defendants.

| | | |
| --- | --- | --- |
| ☐ COMMERCIAL ACTION | ☑ | NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☑ | NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☐ | NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION
MAIN INDEX NO.** _____

06111311

**Name and address of
Attorney for Plaintiff
or Petitioner.
Telephone No.** *Kristel Berge... 607-772-* *... Riverside Drive ...* *Riverside NY 13903 607  1442*

**Name and address of
Attorney for Defendant
or Respondent.
Telephone No.**

**A.    Nature and object of action or
        Nature of special proceeding** *Product Liability*

**B.    Application for Index Number filed by:    Plaintiff ☐    Defendant ☐**
**C.    Was a previous Third Party Action filed    Yes ☐    No ☑**
        **Date filed**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------
KEVIN PITCHER

       Plaintiff,

   -against-


PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

       Defendants.
--------------------------------------------------------------
TO THE ABOVE NAMED DEFENDANT(S):

**SUMMONS**

06111311

Plaintiff designates **New York County** as
place of trial based on defendants' principal
place of business
Index No.:
Date Filed:



   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer,
or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney
within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 2, 2006
   Binghamton, New York

Plaintiffs' residence is:
29 Madison Avenue, Apt 2C, Endicott, New York 13760

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

            *Ronald R. Be———*
            Ronald R. Benjamin, Esq.
            **LAW OFFICES OF RONALD R. BENJAMIN**
            Attorney for Plaintiff
            126 Riverside Drive
            P.O. Box 607
            Binghamton, New York 13902-0607
            (607) 772-1442

STATE OF NEW YORK:  SUPREME COURT
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -

KEVIN PITCHER

                              Plaintiff,

                                                        **COMPLAINT**

                     -vs-                               Index No. :

PFIZER, INC.,  PHARMACIA CORPORATION, a                 Date Filed:
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-owned              0 6 1 1 1 3 1 1
subsidiary of PHARMACIA CORPORATION, and
MERCK & CO, INC,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff, by and through counsel, the Law Office of Ronald R. Benjamin, allege upon

information and belief as follows:

        1.  Plaintiff KEVIN PITCHER was and is at all times relevant herein a resident of and domiciled

in the State of New York.

        2.  Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its

principal place of business located at 235 East 42nd Street, New York, New York, and is authorized to

do and doing business in the State of New York with the county of its principal office registered as New

York County.

        3.   Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY  is a

wholly-owned subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint,

each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in

the State of New York, registered in or with its principal office located in New York County.

        4.  Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and

Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as Pfizer or defendants).

5.    Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck"), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6.    At all relevant times herein mentioned the Pfizer defendants engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their respective pharmaceutical products including the arthritis and acute pain medications **CELEBREX and BEXTRA** for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7.    At all relevant times herein mentioned the defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products including the arthritis and acute pain medication **VIOXX** for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

8.    Defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs in and thus had consequences in the State of New York.

9. Upon information and belief, defendants used a wide range of marketing methods to promote the aforesaid products and place it in the stream of commerce, including, but not limited to, sponsoring

medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10.    Upon information and belief, defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11.    Upon information and belief, based on defendant's promotional activity with respect to the aforesaid products, plaintiff was prescribed the drugs based on the belief the same was safe to use and was unlikely to subject the plaintiff to serious side effects as a result of use of the products.

12.    In reliance on the same, the injured plaintiff ingested the drugs and continued ingesting the drugs for a period of time as instructed by their respective prescribing physicians.

13.    Upon information and belief, had defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged benefits from the products.

14.    Upon information and belief, defendants, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

15.    Upon information and belief, the injured plaintiff KEVIN PITCHER ingested the drug Celebrex from approximately 2001 to 2002, at the direction of his physicians and in accordance with the

manufacturer's instructions.

16.   Upon information and belief, the injured plaintiff KEVIN PITCHER ingested the drug Vioxx in or about, 2004, at the direction of his physicians and in accordance with the manufacturer's instructions.

17.   Upon information and belief, the injured plaintiff KEVIN PITCHER ingested the drug Bextra from approximately 2002 to 2003, at the direction of his physicians and in accordance with the manufacturer's instructions.

18.   As a direct and proximate result of the conduct of the defendants,    the injured plaintiff sustained severe injuries ranging from heart attacks to strokes and other conditions and sequelae which, upon information and belief, are permanent in nature.

19.   By reason of the foregoing, the injured plaintiff sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

20.   By reason of injuries due to ingestion of the aforesaid drugs, the injured plaintiff incurred or may be obligated to pay monies for medical expenses.

21.   The injuries sustained by the aforesaid plaintiff and the damages resulting therefrom were caused solely by the defendant's defective products without any fault on the part of the plaintiff contributing hereto.

22.   Plaintiff allege that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

23.   In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

### AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE AND GROSS NEGLIGENCE)

24.   Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further alleges the following.

25.    Defendants knew or should have known with the exercise of reasonable care that the products are unreasonably dangerous products and nevertheless promoted and placed said products into the stream of commerce.

26.    Prior to the time the injured plaintiffs ingested the products, the defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

27.    Upon information and belief, defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test the products.

28.    Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying , minimizing, and otherwise failing to warn the medical profession , the public in general and the plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

29.    As a direct and proximate result of the negligence of the defendants, the injured plaintiff was harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

30.    As a result of the foregoing, the injured plaintiff is entitled to compensatory damages from each of the defendants, and is entitled to exemplary damages from defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

31.    Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further alleges the following.

32.    At all times herein mentioned the defendants' products were dangerous and defective, in that any  benefit from said products was outweighed by the serious and deadly side effects of said drugs.

33.    Defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test

and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

34.    Defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

35.    As a result of reckless disregard for the public welfare and welfare of each plaintiff in particular, the plaintiff is entitled to exemplary damages from defendants in addition to compensatory damages sustained as a result of defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
## (MISREPRESENTATION AND FAILURE TO WARN)

36.    Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further alleges the following.

37.    Beginning prior to the time the plaintiff herein ingested the drugs complained of, the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which defendants knew or should have known to result from use of said products.

38.    By use of affirmative misrepresentations and omissions, the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drugs were safe, known to be safe or had minimal risks to the public and the each plaintiff in particular.

39.    Upon information and belief, defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

40.    Defendants failed to provide adequate warnings and/or information concerning the harms

or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

41.    As a direct and proximate result of the aforesaid failure by the defendants to provide appropriate warnings and/or instructions, each plaintiff sustained the harm complained of herein.

42.    Upon information and belief, at the times relevant to this complaint, defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, the defendants downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and public at large including potential users of the products by promoting the same as safe and effective.

43.    Upon information and belief, defendants placed profit concerns over and above the safety of the public.

44.    As a result of defendants's reckless disregard for the public welfare and welfare of each plaintiff in particular each of the injured plaintiffs is entitled to an award of exemplary damages from the defendants in addition to compensatory damages sustained as a result of each of the defendant's conduct.

### AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

45.    Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further alleges the following.

46.    Defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured plaintiffs

herein.

47.  Defendants breached such express and implied warranties in that said drugs are not safe for the purpose for which it was intended.

48.  As a direct and proximate result of the aforesaid breach of express and implied warranties, the injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

### RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1)  Award plaintiff KEVIN PITCHER compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and

(2)  Award plaintiff KEVIN PITCHER exemplary damages against defendants on the first through fifth causes of action;

(3)  Award plaintiff such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: August 2, 2006.

**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

By: _____
RONALD R. BENJAMIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

KEVIN PITCHER,                                     :

                                    Plaintiff,     :     No.: 111311/06

        -against-                                  :

PFIZER, INC., PHARMACIA CORPORATION,               :     **ANSWER AND ~~JURY DEMAND~~**
a wholly-owned subsidiary of PFIZER, INC., and     :     **OF DEFENDANT MERCK &**
PHARMACIA & UPJOHN COMPANY, a                      :     **CO., INC.**
wholly-owned subsidiary of PHARMACIA               :
CORPORATION, and MERCK & CO., INC.,                :

                                    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - x

**FILED**

**SEP 2 5 2006**

NEW YORK
COUNTY CLERK'S OFFICE

        Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the

Complaint ("Complaint") herein as follows:

        1.    Upon information and belief, admits the allegations contained in paragraph 1

of the Complaint.

        2.    The allegations contained in paragraph 2 of the Complaint are not directed

towards Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in said paragraph except admits, upon

information and belief, that Pfizer, Inc. ("Pfizer") is a Delaware Corporation with its

principal place of business in New York.

        3.    The allegations contained in paragraph 3 of the Complaint are not directed

towards Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

4.    The allegations contained in paragraph 4 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

5.    Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except admits that Pfizer manufactured Celebrex and Bextra and that Pfizer marketed its products at certain times.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® until it voluntary withdrew Vioxx from the worldwide market on September 30, 2004.

8.    Denies each and every allegation contained in paragraph 8 of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Pfizer marketed its products at certain times. Merck further admits that it trains its professional representatives.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information and that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information and admits that Pfizer marketed its products at certain times.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint.

22.   The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23.   The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE AND GROSS NEGLIGENCE)"

24.   With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.   Denies each and every allegation contained in paragraph 25 of the Complaint.

26.   Denies each and every allegation contained in paragraph 26 of the Complaint.

27.   Denies each and every allegation contained in paragraph 27 of the Complaint.

28.   Denies each and every allegation contained in paragraph 28 of the Complaint.

29.   Denies each and every allegation contained in paragraph 29 of the Complaint.

30.   Denies each and every allegation contained in paragraph 30 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION (STRICT LIABILITY)"

31.   With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.   Denies each and every allegation contained in paragraph 32 of the Complaint.

33.    Denies each and every allegation contained in paragraph 33 of the Complaint.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint.

35.    Denies each and every allegation contained in paragraph 35 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION (MISREPRESENTATION AND FAILURE TO WARN)"

36.    With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.    Denies each and every allegation contained in paragraph 37 of the Complaint.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION (BREACH OF EXPRESS AND IMPLIED WARRANTIES)"

45.    With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.   Denies each and every allegation contained in paragraph 48 of the Complaint.

**RESPONSE TO "RELIEF REQUESTED"**

49.   Plaintiff's "Relief Requested" section of the Complaint is not an allegation of

fact and therefore no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation in the "Relief Requested" section of

Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested.

**AS FOR A FIRST
DEFENSE, MERCK ALLEGES:**

50.   The claims of Plaintiff may be time-barred, in whole or in part, under

applicable statutes of limitations or statutes of repose, or are otherwise untimely.

**AS FOR A SECOND
DEFENSE, MERCK ALLEGES:**

51.   The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD
DEFENSE, MERCK ALLEGES:**

52.   The claims of Plaintiff may be barred, in whole or in part, from recovery

because they have made statements or taken actions that preclude them from asserting

claims or constitute a waiver of their claims.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

53.   The claims of Plaintiff may be barred, in whole or in part, from recovery

because of the res judicata effect of prior judgments.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

54.   Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

55.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries or losses were caused in whole or in part through the

operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

56.   To the extent that Plaintiff asserts claims based on Merck's adherence to and

compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

57.   To the extent that Plaintiff asserts claims based upon an alleged failure by

Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such

claims are barred under the learned intermediary doctrine because Merck has discharged

its duty to warn in its warning to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

58.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or

distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

59.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Merck and over whom

Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

60.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by Plaintiff's

misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

61.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and

environmental conditions, diseases, or illnesses, subsequent medical conditions or natural

courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

62.   To the extent Plaintiff has settled or will in the future settle with any person or

entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,

should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

63.    To the extend Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

64.    Plaintiff's claims of fraud and misrepresentation are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Sections 3013 and 3016(b) of the New York Civil Practice Law and Rules.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

65.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

66.    Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

67.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

68.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

69.   The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

70.   The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

71.   The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

72.   The claims of Plaintiff and the purported class members may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

73.   The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

74.   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and

NY 1080743_1.DOC                        10

which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

75.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

76.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

77.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

78.    Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

79.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

80.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

81.   Plaintiff's demand for punitive damages is barred because Vioxx and its

labeling was subject to and received pre-market approval by the FDA under 52 Stat.

1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

82.   Plaintiff's claims are barred in whole or in part under comment k to Section

402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

83.   Plaintiff's claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

84.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement

(Third) of Torts:  Products Liability.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

85.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts:  Product Liability.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

86.   Plaintiff's claims are barred by the doctrine of contributory negligence.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

87.   This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

88.   Defendants are improperly joined in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

89.   Plaintiff's claims are barred for failure to allege with particularity what

specific misrepresentations were made, who those misrepresentations were made to,

plaintiff's injury, and damages, pursuant to the September 2, 2005 order of Hon. Helen E.

Freedman in *Dixson v. Pfizer, Inc.*, 10155/05 (New York County), to which Plaintiff was

a party.


Inasmuch as the Complaint does not describe the alleged underlying claims with

sufficient particularity to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and supplement the averments of its

answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or

trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Merck its reasonable costs and disbursements,

together with such and other and further relief that the Court may deem just and proper.


## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


DATED:    New York, New York
          September 21, 2006

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP


                                        By: _Vilia B. Hayes_____
                                           Theodore V. H. Mayer
                                           Vilia B. Hayes
                                           Robb W. Patryk
                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        (212) 837-6000

                                        *Attorneys for Defendant Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

KEVIN PITCHER,                              :

                                Plaintiff,   :          No.: 111311/06

            -against-                        :

PFIZER, INC., PHARMACIA CORPORATION,         :          **AFFIDAVIT OF SERVICE**
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a                :
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,          :

                                Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - x


      CORINNE A. LAXMAN, being duly sworn, deposes and says that she is over the age of

18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard &

Reed, counsel for Defendant, and that, on September 22, 2006, she served a true and accurate

copy of the Answer and Jury Demand of Defendant Merck & Co., Inc. via first-class mail,

postage prepaid, on Plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin,

126 Riverside Drive, Binghamton, New York 13902, and on counsel for Defendants Pfizer, Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company, Christopher Strongosky, DLA

Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020.

                                                    _Corinne Laxman_
                                                    Corinne A. Laxman

Sworn to before me this
22nd day of September, 2006

_Patricia E. Smith_
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

KEVIN PITCHER,

                      Plaintiff,     :   **No.: 111311/06**

          -against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

FILED

NOV 1 4 2006

NEW YORK
COUNTY CLERK'S OFFICE

## FIRST SET OF INTERROGATORIES
## TO PLAINTIFF KEVIN PITCHER
## PROPOUNDED BY DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") propounds the following

interrogatories to plaintiff Kevin Pithcer pursuant to Sections 3130-3133 of the Civil

Practice Law and Rules.  Plaintiff is requested to respond separately and in writing within

twenty (20) days.

The following Definitions and Instructions are applicable and are

expressly incorporated into these Interrogatories:

### DEFINITIONS AND INSTRUCTIONS

1.     "Merck & Co., Inc." and "Merck" means any of the subsidiaries,

divisions, departments, affiliates, predecessors, successors or offices of the defendant and

by whatever name known, and all present and former officers, directors, employees,

trustees, principals, agents, and representatives of Merck, as well as any person acting or

purporting to act on its behalf.

NY 1080866_1.DOC

2.    "Plaintiff" or "Plaintiffs" or "you" or "your" or "yourself" means Plaintiff Kevin Pitcher, any of his agents, representatives or assigns, as well as any person acting or purporting to act on his behalf.

3.    "Vioxx®" means the prescription drug with the chemical name rofecoxib which is the subject of this lawsuit.

4.    As used throughout, "written communication" or "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in the actual or constructive possession, custody or control of plaintiff's counsel, including without limitation all writings, drawings, graphs, charts, photographs, sound tapes or recordings, announcements, bulletins, press releases, papers, books, accounts, letters, microfilm, magnetic tape, magnetic disks, magnetic strips, optical character recognition characters, punched paper tapes, microfiche, punched cards, telegrams, voices, statements, account recommendations, notes, minutes, inter-office memoranda, reports, studies, contracts, ledgers, books of account, vouchers, hotel charges, cost sheets, stenographer notebooks, calendars, appointment books, diaries, time sheets or logs, computer printouts, computer files, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form. The term "document" shall also include:

a.  A copy of the original document when the original document is not in the possession, custody or control of plaintiff, plaintiff's counsel or other agent; and

b.  Every copy of a document (a) where such copy is not an identical duplicate of the original, or (b) where such copy contains notations not contained on the original or other copies.

NY 1080866_1.DOC

5.    The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

6.    As used herein, the term "person" shall include, wherever appropriate, not only a natural person but also a corporation, partnership, unincorporated association or other association of persons.  However, a request for identification of a person having knowledge of facts or custody of a document shall be construed to refer to a natural person.

7.    A response to a request contained in these Interrogatories to "identify" a document shall be sufficient if the individual having custody of the document is identified by name and address, and the document is identified or described by (a) the date, (b) the author, (c) the addressee(s), (d) the type of document (i.e., letter, memorandum, note, etc.), (e) the subject matter, and (f) the number of pages.  In lieu of identifying a document, you may attach a copy of such document or documents to your answers to these Interrogatories.

8.    A request to "identify" a person shall be construed as a request for (a) the full name of such person, (b) all other names which such person has used for him or herself, (c) the social security number of such person, (d) the date and place of birth of such person, (e) the present employer of such person, (f) the present office or business address and business telephone number of such person, (g) the present residential address and residential telephone number of such person, (h) the nature the relationship between the plaintiff and such person, (i) the dates of commencement and termination of that relationship, and (j) the reason for the termination of that relationship.  If you do not

NY 1080866_1.DOC

M00A163173

know or cannot determine the present address, telephone number or present employer of any person referred to in your answers to these Interrogatories, please give the last known address, telephone number or employer.

9. The term "describe in detail" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law, (b) state for each such fact the (1) time, (2) place, and (3) manner of said fact, (c) identify all persons involved, and (d) identify all documents that support, contradict, refer, relate, or mention such facts.

10. If you object to any Interrogatory or any subpart thereof on the grounds that it calls for disclosure of information which you claim is privileged, then answer such Interrogatory or subpart as follows: (a) furnish all information and facts called for by such Interrogatory or subpart which you do not claim is privileged, and (b) for each communication, recommendation, fact or advice which you claim is privileged, state the basis for your claim of privilege.

11. Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or." Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

12. When requested to "state each fact" or the "facts upon which you rely" relating to any allegation, fact, legal theory, contention or denial, please furnish a full and complete statement of the factual basis of any such allegation, fact, legal theory,

M00A163174

contention or denial, the reason or rationale that such facts so relate or pertain and how
such facts so relate or pertain.

## INTERROGATORIES

### INTERROGATORY 1:

Please identify yourself, including your full name; all other names you
have used or by which you have been known and the period of time during which you
were known by such other names; your address; the date and place of your birth; your
social security number and, if different, your driver's license number.

ANSWER:

### INTERROGATORY NO. 2:

Please describe your educational background, including the name and
address of each grade school, high school, college or university, trade school, or graduate
school attended; the inclusive dates of attendance; list any majors(s), minor(s), and the
degree(s) received.

ANSWER:

### INTERROGATORY NO. 3:

Please describe your employment history since age 18, identifying each
employer (or period of self-employment), the inclusive dates of each employment, your
job title, a description of your duties for each employment, the amount or rate of
compensation for each employment, and your reason for leaving each employment.

NY 1080866_1.DOC

M00A163175

ANSWER:

INTERROGATORY NO. 4:

Describe in detail all injuries, diseases, illnesses, disabilities or other

medical conditions experienced by you since January 1, 1995.  (See definition 9.)

ANSWER:

INTERROGATORY NO. 5:

Please identify by name, address, telephone number, and specialty, if

applicable, each and every physician or other healthcare provider whom you consulted, or

who treated or examined you for any reason whatsoever since January 1, 1995, and

describe in detail the reasons you sought treatment or consultation, the date(s) of the

treatment or consultation, all tests performed, the diagnosis, and the medication

prescribed.  (See definitions 8 & 9.)

ANSWER:

INTERROGATORY NO. 6:

Describe in detail your medication history, other than Vioxx, including a

list of all medications (prescription and non-prescription), and drugs (legal or illegal) that

you used since January 1, 1995, the reason each medicine, medication, and/or drug was

used, and for each medication or drug, identify its brand or generic name; if it was

NY 1080866_1.DOC

prescribed, the name and address of the person prescribing it; the name and address of the

pharmacy from which such medication was purchased; the dates on which you took the

drug, the amounts and dosage of each drug taken, and the dates and reasons for which

you stopped taking it; and the nature of any reaction, including any allergic reaction or

side effect experienced by you.  (See definition 9.)

ANSWER:

INTERROGATORY NO. 7:

Please identify each and every healthcare provider who prescribed Vioxx

or provided samples of Vioxx to you.  For each healthcare provider, state the condition

for which Vioxx was prescribed or was provided, the dates such prescriptions were issued

or such samples were provided, and the dosages.  (See definition 8.)

ANSWER:

M00A163177

INTERROGATORY NO. 8:

Set forth the names and complete addresses of all pharmacies where you have had prescriptions for Vioxx filled. To the extent not previously provided, provide authorizations for the release of those records in the form attached hereto.

ANSWER:


INTERROGATORY NO. 9:

State the dates on which you started and stopped treatment with Vioxx, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time. If you, on your own, changed your dosage of Vioxx or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which you made each change, and the actual amount of Vioxx consumed by you each day.

ANSWER:


INTERROGATORY NO. 10:

State the dates on which you started and stopped treatment with Celebrex® and/or Bextra®, the dosage you were taking, and whether any physician increased or decreased your original prescription at any time. If you, on your own, changed your dosage of Celebrex® and/or Bextra®, or the frequency of the dosage at any time from the dosage recommended by the prescribing physician, state the date on which

NY 1080866_1.DOC

M00A163178

you made each change, and the actual amount of Celebrex® and/or Bextra® consumed by you each day.

ANSWER:

INTERROGATORY NO. 11:

Describe in detail each injury, illness, disease or condition (i.e., sign or symptom, whether mental, physical or emotional) that you claim to have resulted from your use of Vioxx; the dates of onset for each injury, illness, disease or condition; and set forth the name and address of all physicians or other healthcare providers with whom you consulted or from whom you sought treatment for these conditions.  (See definition 8.)

ANSWER:

INTERROGATORY NO. 12:

For each injury identified in Interrogatory No. 10, please identify all healthcare providers and experts who will support the claim that Vioxx caused such injury, the substance of such opinions, and any facts or documents upon which such opinions are based.  Attach to your interrogatory answers a copy of all written reports supporting this claim.  (See definition 7.)

ANSWER:

NY 1080866_1.DOC

M00A163179

INTERROGATORY NO. 13:

Identify any member of your family who has experienced cardiovascular events, including heart attacks and strokes, or any other medical condition(s) similar to the condition(s) experienced by you, and, for each person so identified, describe in detail the nature of such medical condition(s).  (See definitions 8 & 9.)

ANSWER:


INTERROGATORY NO. 14:

Separately itemize all expenses and losses that you claim to have incurred or expect to incur as a result of the injuries you claim that you suffered from taking Vioxx, including the dollar amount of hospital bills and identity of the hospital; medical bills with the names and addresses of the persons requesting payment; nursing bills with the names and addresses of the persons requesting payment; loss of earnings including the names and addresses of employers; and any other similar expenses and damages, specifying type, amount and person to whom such amount is due.

ANSWER:


INTERROGATORY NO. 15:

If you have ever been given disability ratings for accident, health or life insurance, please identify the healthcare provider that assigned each such rating, the date

on which you were given each disability rating, and the reason for which you were given each disability rating.

ANSWER:


INTERROGATORY NO. 16:

State whether you have undergone any additional physical examinations, including examinations in connection with employment or any application for employment or for life insurance since January 1, 1995, and if so, state the date of any such examination, who conducted the examination, on whose behalf the examination was made, whether there is a report of such physical examination, and if any such physical examination resulted in action being taken on your behalf or against you, please describe such action.

ANSWER:

M00A16318I

INTERROGATORY NO. 17:

Identify each carrier or plan that at any time has provided you with or has rejected your application for life, medical, health, disability and/or compensation coverage, either individually or as a member of an insured family, including group insurance coverage under policies of insurance issued to or on behalf of a spouse or other family member, and as part of your response, include any applicable policy or identification number. If the application was rejected, please state:

(a) The date of rejection;

(b) The type of insurance for which you applied;

(c) The name and address of the insurance company with which the application was filed; and

(d) The reason given for the rejection.

ANSWER:


INTERROGATORY NO. 18:

Describe in detail every written claim or demand for compensation you have made, including, but not limited to, pre-lawsuit demands to settle, lawsuits, workers' compensation claims, social security disability claims, and/or claims for veteran's benefits including the nature of the proceeding; the date, time, and place of the event for which damages were sought; the name, address, and telephone number of each person against whom the claim was made; the name, address, and telephone number of any attorney; and whether the claim has been resolved or is pending; the caption and case

NY 1080866_1.DOC

number of the action; the court or tribunal in which the action was pending and the date it

was filed; and the disposition of the action.  (See definition 9.)

ANSWER:

INTERROGATORY NO. 19:

Identify all facts upon which you rely to support your contention that

Vioxx caused or contributed to your alleged injuries.  Identify any other factors that you

believe may have contributed to your injuries.

ANSWER:

INTERROGATORY NO. 20:

Since you have claimed injuries resulting from the ingestion of Vioxx,

Celebrex® and Bextra®, please identify what you claim is the relative culpability of each

defendant and the facts upon which you rely to hold both defendants jointly liable

pursuant to C.P.L.R. Article 16.

ANSWER:

M00A163183

INTERROGATORY NO. 21:

Describe in detail each and every fact upon which you base any claim that Vioxx was defective and/or dangerous.  (See definition 9.)

ANSWER:

INTERROGATORY NO. 22:

For each instance that you claim that a doctor prescribed any Vioxx for you, state whether the prescribing doctor gave you any oral or written warning about the potential side effects of the drug or stated any precautions, and if so, state in detail and completely the substance of the warning(s).  Identify any documents containing or referring to such warnings or precautions.

ANSWER:

INTERROGATORY NO. 23:

Describe in detail any warning you claim was defective and/or inadequate concerning Vioxx; and how the warning was inadequate in light of medical knowledge concerning Vioxx at the time it was prescribed to you; and a verbatim statement of the warning that you or your experts contend is an adequate warning, how it would have prevented your injuries or damages, whether such warning should have been written or oral, and when and to whom it should have been provided.  (See definition 9.)

ANSWER:

NY 1080866_1.DOC

M00A163184

INTERROGATORY NO. 24:

Set forth with particularity each and every act or omission upon which you base any claim that Merck was negligent in the promotion, design, manufacture, testing, labeling, advertising, warning, marketing and sale of Vioxx. Identify what you contend in paragraph 13 of the Complaint would have been the "proper testing" of this medication. State the name and title of each person who performed an alleged negligent act or omission.

ANSWER:

INTERROGATORY NO. 25:

Please identify all communications by you or any member of your family, whether oral, written or electronic (including communications as part of internet "chat rooms" or e-mail groups), with doctors, Merck representatives, or other persons not including your counsel, regarding Vioxx, your injuries, or this case.

ANSWER:

NY 1080866_1.DOC

INTERROGATORY NO. 26:

Describe any and all contacts that you had with any Vioxx-related advertising, marketing and promotion. List all advertisements, including television, radio, and print, with which you came in contact, including the date on which you were exposed to such advertising.

ANSWER:

INTERROGATORY NO. 27:

Please describe in detail each alleged misrepresentation or omission relative to Vioxx that you contend was made to you and the general consuming public. For each statement, identify the maker of the statement, the person(s) to whom the statement was made, the circumstances under which such misrepresentation was made, the date(s) upon which such misrepresentation was made or published, and the publication, advertisement, press release, TV ad or other vehicle through which such misrepresentation was disseminated. For each statement that you contend was fraudulently made, please state the basis for your contention that these statements were made with reckless disregard to their truth.

ANSWER:

M00A163186

INTERROGATORY NO. 28:

        Please state each fact upon which you base your claim that Merck breached an express or implied warranty of fitness and/or merchantability, and identify all witnesses and documents on which you will rely in support of your claim.

        ANSWER:

INTERROGATORY NO. 29:

        Identify all information demonstrating that knowledge of the "serious side effects" of Vioxx that you contend in paragraphs 11 and 26 of the Complaint was in Defendant's possession and was not disclosed adequately to the medical community, individual physicians and the public.

        ANSWER:

INTERROGATORY NO. 30:

        Please state each and every fact and circumstance upon which you base any claim for exemplary damages, including the identity of any witnesses who will testify in support of your allegations of fraud, ill-will, recklessness, gross negligence, and willful or intentional disregard of plaintiff's individual rights.  Please provide a full description of the acts or omissions that you allege demonstrate such conduct and any documents upon which you rely in support of said allegations.

NY 1080866_1.DOC

MODA163187

ANSWER:


INTERROGATORY NO. 31:

Provide the factual basis and a computation for each category of damages you claim and identify all witnesses who will testify in support of each category of damages and all documents upon which you will rely in support of each category of damages.

ANSWER:


INTERROGATORY NO. 32:

Do you rely on any statutes, codes, standards, regulations, rules, texts, medical journals, medical articles, or treatises to establish any alleged defect or unreasonably dangerous condition of Vioxx? If so, identify each such document and the appropriate section or page number on which you rely.

ANSWER:

NY 1080866_1.DOC

M00A163188

INTERROGATORY NO. 33:

        Please state each fact upon which you base your claim that Merck violated

its duty under strict liability, and identify all witnesses and documents you will rely on in

support of this claim.

        ANSWER:

Dated:   New York, New York
          November 10 , 2006

                        HUGHES HUBBARD & REED LLP

                        By: _Vilia B. Hayes_
                           Vilia B. Hayes
                        Attorneys for Defendant
                        Merck & Co., Inc.
                        One Battery Park Plaza
                        New York, New York 10004
                        (212) 837-6000

TO:  Ronald R. Benjamin, Esq.
      Law Office of Ronald R. Benjamin
      126 Riverside Drive, P.O. Box 607
      Binghamton, New York 13902-0607

      Christopher M. Strongosky, Esq.
      DLA Piper US LLP
      1251 Avenue of the Americas
      New York, New York 10020-1104

NY 1080866_1.DOC

COUNTY CLERK'S INDEX
No. 111311/06

# Supreme Court

## COUNTY OF NEW YORK

KEVIN PITCHER,

Plaintiff,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a wholly-owned subsidiary of PFIZER, INC., and PHARMACIA & UPJOHN COMPANY, a wholly-owned subsidiary of PHARMACIA CORPORATION, and MERCK & CO., INC.,

Defendants.

---

**ORIGINAL**

COMBINED DEMANDS

---

**Hughes Hubbard & Reed LLP**

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212 837-6000

Attorneys for Defendant
MERCK & CO., INC.

By: _Vilia B. Hayes_
Vilia B. Hayes, Esq.

FILED
NOV 14 2006
NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ x

IN RE: NEW YORK BEXTRA AND CELEBREX        Index No. 762000/06
PRODUCT LIABILITY LITIGATION

------------------------------------------------------------ x

KEVIN PITCHER,                                               Index No. 111311/06

                        Plaintiff                       :

PFIZER INC., PHARMACIA CORPORATION, a wholly-    :  STIPULATION OF
owned subsidiary of PFIZER INC., PHARMACIA &     :  DISMISSAL WITH
UPJOHN COMPANY, a wholly-owned subsidiary of     :  PREJUDICE AGAINST
PHARMACIA CORPORATION, and MERCK & CO.,          :  PFIZER DEFENDANTS
INC.,                                            :

                        Defendants.              :

------------------------------------------------------------ x

        IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other.  This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        _March 5_____, 2008

LAW OFFICE OF RONALD R. BENJAMIN                    DLA PIPER US LLP

By: _____                         By: _____
    Ronald R. Benjamin                                  Christopher M. Strongosky
    126 Riverside Drive                                 Tiffany L. Christian
    P.O. Box 607                                        1251 Avenue of the Americas
    Binghamton, New York 13902-0607                     New York, NY 10020-1104
    607-772-1442                                        212-335-4500

*Attorneys for Plaintiff*                            *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court. A facsimile copy of this Stipulation shall have the same effect as the original.

Dated: New York, New York
      March 4 , 2008


LAW OFFICE OF RONALD R. BENJAMIN            DLA PIPER US LLP

By: _____               By: _____
    Ronald R. Benjamin                          Christopher M. Strongosky
    126 Riverside Drive                          Tiffany L. Christian
    P.O. Box 607                                 1251 Avenue of the Americas
    Binghamton, New York 13902-0607             New York, NY 10020-1104
    607-772-1442                                 212-335-4500

*Attorneys for Plaintiff*                   *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*